UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH WATERHOUSE )<br>          Plaintiff, )<br>)<br>v. )<br>)<br>NORTHLAND INVESTMENT )<br>CORPORATION )<br>          Defendant ) | Civil No: 3:09-cv-332 (AVC)<br><br>**Jury Trial Demanded**<br><br>March 27, 2009 |

## COMPLAINT

The Plaintiff, Deborah Waterhouse ("Plaintiff"), brings this action against the Northland Investment Corporation ("Defendant") as follows:

## THE PARTIES

1. The Plaintiff is an individual residing at 19 Old Brook Road, West Hartford, Connecticut. The Plaintiff has twelve years of experience in the property management and leasing industry.

2. The Defendant is a Massachusetts corporation with a principle place of business at 2150 Washington Street, Newton, Massachusetts. At all times relevant hereto, the Defendant was a real estate investment firm transacting business in the State of Connecticut.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over the Defendant by virtue of its business activities in this district and because a substantial part of the events and omissions giving rise to these claims occurred in this jurisdiction.

5. Venue is also proper in this jurisdiction under 28 U.S.C. § 1391(a).

## FACTS

6. On or about August 6, 2008, the Defendant began soliciting the Plaintiff to interview for an employment position while she was employed with Cogent Management, LLC ("Cogent").

7. At said time, the Plaintiff had decided to leave Cogent and recently accepted an employment position with O,R&L Commercial, LLC ("O,R&L") at a salary of $78,000.00 per year, plus benefits, a $1,000.00 bonus potential and the prospect of further advancement. The Defendant was aware that the Plaintiff had accepted the position with O,R&L and provided notice to Cogent of her decision to leave.

2

8. The Plaintiff began working at O,R&L on or about August 16, 2008, as a property manager in charge of a property where O,R&L had a two-year management contract with its client at the location.

9. After the Plaintiff began employment with O,R&L, the Defendant continued to solicit her to join its management group and made repeated attempts to have an interview. The Plaintiff agreed to participate in interviews with the Defendant. During these interviews, the Defendant made representations and/or assurances to the Plaintiff relating to its need for qualified property management, its sound financial condition and prospective job security should she take an employment position with the Defendant. The Defendant never mentioned to the Plaintiff any current or anticipated financial difficulty or that it would be down-sizing its employees as a part of cutting expenses.

10. Following the interview process, on or about October 16, 2008, the Defendant offered a position of employment to the Plaintiff at a salary of $80,000.00 per year, plus benefits and promised that she would receive a ten percent (10%) salary bonus the following year. The Defendant offered the Plaintiff higher compensation than her current employer, promised her a ten percent (10%) bonus after a year of

employment, and continually expressed enthusiasm at the prospect of the Plaintiff accepting an employment position with the Defendant.

11. In consideration of the representations and/or assurances made to her, which gave her an impression of job security and the sound financial condition of the Defendant, the Plaintiff left her position with O,R&L and accepted a position of employment with the Defendant.

12. Beginning upon the first day of the Plaintiff's employment with the Defendant in or about November 2008 and continuing through the month, the Defendant made further representations to the Plaintiff relating to its sound financial condition and relating to her job security with the Defendant. At this time, the Defendant expressly represented to the Plaintiff that it would not be down-sizing its employees and her job was secure.

13. Notwithstanding these representations, which induced the Plaintiff to leave O,R&L, to join the employment of the Defendant, and to perform her duties with the Defendant, on December 2, 2008, the Defendant terminated her employment immediately on the basis that it was in severe financial difficulties and could no longer afford to keep her employed. The Defendant had made its decision to terminate the

Plaintiff's employment at least two weeks before at a budget meeting but failed to advise her of that decision.

## COUNT ONE – Fraud

14. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-13 above, as if fully repeated herein.

15. The Defendant's representations and/or assurances to the Plaintiff regarding its financial condition and her job security were false and made as statements of fact.

16. The Defendant knew these representations and/or assurances to the Plaintiff were untrue at the time they were made.

17. The Defendant's false representations and/or assurances were made in an effort to induce the Plaintiff to leave her employment with O,R&L and to accept a position with the Defendant.

18. The Defendant's representations and/or assurances created a false impression of prospective job security and its sound financial condition that she relied upon by leaving her employment with O,R&L and accepting a position with the Defendant.

19. As a direct result of the Defendant's false representations and/or assurances, the Plaintiff has suffered substantial monetary damages, in that she is unable to return to her employment with O,R&L and has been forced to accept a temporary position of employment at a lower annual income equivalent.

## COUNT TWO – Negligent Misrepresentation

20. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-19 above, as if fully repeated herein.

21. The Defendant had a duty to exercise reasonable care in making representations and/or assurances to the Plaintiff.

22. The Defendant breached its duty to the Plaintiff, in that it failed to exercise reasonable care by making representations and/or assurances to the Plaintiff that it should have known were false.

23. The Plaintiff relied upon these negligent misrepresentations by leaving her employment with O,R&L and accepting a position with the Defendant.

24. As a direct result of the Defendant's negligent misrepresentations, the Plaintiff has suffered substantial monetary damages, in that she is unable to return to

her employment with O,R&L and has been forced to accept a temporary position of employment at a lower annual income equivalent.

## COUNT THREE – Tortious Interference with a Beneficial Relationship (Employment)

25. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-24 above, as if fully repeated herein.

26. The Plaintiff had a beneficial employment relationship with O,R&L prior to being solicited by the Defendant to accept an offer of employment.

27. The Defendant had knowledge of the beneficial employment relationship between the Plaintiff and O,R&L.

28. The Defendant intended to interfere with this beneficial employment relationship between the Plaintiff and O,R&L by making false representations and/or assurances to her in an effort to solicit her to leave O,R&L and accept employment with the Defendant.

29. The above-stated actions by the Defendant were tortious.

30. As a direct result of the Defendant's tortious conduct, the Plaintiff has suffered substantial monetary damages, in that she is unable to return to her

7

employment with O,R&L and has been forced to accept a temporary position of employment at a lower annual income equivalent.

**WHEREFORE**, the Plaintiff demands judgment in her favor as follows:

1. Awarding compensatory monetary damages for Defendant's fraud;

2. Awarding compensatory monetary damages for Defendant's negligent misrepresentation;

3. Awarding compensatory monetary damages for Defendant's tortious interference with a beneficial relationship (employment); and

4. Awarding such further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed.R.Civ. P. 38(a), Plaintiff hereby demands a trial by jury of all issues so triable.

PLAINTIFF,
DEBORAH WATERHOUSE,

By: _____
Nathan M. Mayhew (ct 27978)
GERSTEN CLIFFORD & ROME, LLP
214 Main Street
Hartford, CT 06106
Tel: 860-527-7044
Fax: 860-527-4968
nmayhew@gcrlaw.net
Her Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2009, a copy of the foregoing **Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____
Nathan M. Mayhew